FILED
JAMES BONINI
CLERK

05 NOV 21 PM 12:33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALONZO JOHNSON,
    Plaintiff,

vs

STATE OF OHIO,
    Defendant.

Case No. 1:05-CV-695

**ORDER**
Dlott, J.

Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon

which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against the State of Ohio. Plaintiff's complaint is very difficult to decipher. As best the Court can discern, plaintiff alleges that in 1999, he plead guilty to two misdemeanor charges so he could "clear" himself to enlist in the United States Army. He alleges that the "Hamilton County Court" tampered with the paperwork in that case. This resulted in the incorrect plea and a sentence of 200 hours of community service. (Doc. 1 at 4).

Plaintiff further alleges that on July 17, 2002, he appeared in the Hamilton County Municipal Court on charges of theft, receiving stolen property, failure to follow traffic signs, and possession of marijuana. Plaintiff had a series of court appearances between July 17 and October 3, 2002. He alleges he was denied the right to speak on his own behalf, forced into a plea bargain with a promise of probation, denied a fair trial, and given undeserved jail time. (Doc. 1 at 7).

Plaintiff also alleges that on February 26 or 27, 2003, he was wrongfully arrested for borrowing a pen from a bank. In March 2003, he appeared in court and was given the choice of placement in a "mental home" or 18 months in jail. (Doc. 1 at 11).

Plaintiff's complaint further alleges that in December 2004, his request for transcripts of his criminal trials was denied. Plaintiff also alleges he was unlawfully convicted of rape and given the maximum sentence with no credit for time already served. He alleges the rape victim

lied during the trial and that his rights were violated upon appeal of his conviction. As relief, plaintiff seeks $750 million in damages for pain, suffering, and mental anguish.

The Court determines that plaintiff's complaint must be dismissed because it seeks monetary relief from a defendant who is immune from such relief and fails to state a claim upon which relief may be granted in this federal court. The complaint fails to state an actionable claim for damages against the State of Ohio because the State is immune from section 1983 damages claims under the Eleventh Amendment. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70 (1989); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The Eleventh Amendment serves to prohibit a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Cowan v. University of Louisville School of Medicine,* 900 F.2d 936, 940 (6th Cir. 1990). *See also Atascadero State Hospital v. Scanlon,* 473 U.S. 234. 238 (1985). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983, *see Will,* 49 U.S. at 66-67; *Quern v. Jordan,* 440 U.S. 332, 340-41 (1979), *overruled on other grounds by Hafer v. Melo,* 502 U.S. 21, 27 (1991), and the State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.), *cert. denied,* 474 U.S. 824 (1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). Therefore, plaintiff cannot seek monetary relief from the State of Ohio in this section 1983 action.

Even if the defendant was subject to § 1983 liability, plaintiff has no right to relief since a ruling in his favor would necessarily cast doubt on his state court convictions and sentences. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *Cummings v. City of Akron,* 418 F.3d 676, 682-83

3

(6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, a judgment in favor of plaintiff on any claim stemming from the state criminal proceedings against him would necessarily imply that his convictions and resulting imprisonment are invalid. *See id.,* 512 U.S. at 487. Because plaintiff has not alleged facts indicating that any of his many convictions have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with his claims for damages in this § 1983 action.

The remainder of plaintiff's factual allegations are virtually incomprehensible and, to the extent intelligible, fail to rise to the level of a violation of federal law. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendant over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief and fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____
Susan J. Dlott
United States District Court